O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#10,14,21,32,37,45,47
09/12 & 09/26 hrg vacated

CIVIL MINUTES - GENERAL

| Case No. | CV 11-5173 PSG (FMOx) | Date | August 17, 2011 |
|---|---|---|---|
| Title | Michael Ben Graves v. IBT Local 572, *et al.* | | |

| Present: | The Honorable Philip S. Gutierrez, United States District Judge | |
|---|---|---|
| Wendy K. Hernandez | Not Present | n/a |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
|---|---|
| Not Present | Not Present |

**Proceedings:** **(In Chambers) Order DENYING Plaintiff's motions for remand; GRANTING Defendants' motions to dismiss**

     Before the Court are remand motions filed by Plaintiff Michael Ben Graves ("Plaintiff"), as well as motions to dismiss filed separately by Defendants IBT Local 572, Rick Middleton, Traci Smith, and Lourdes Garcia ("Union Defendants") and Defendant Atlantic Express, Inc. ("Atlantic Express"). The Court finds these matters appropriate for resolution without oral argument. *See* Fed R. Civ. P. 78; Local R. 7-15. After considering the moving and opposing papers, the Court DENIES Plaintiff's motions and GRANTS Defendants' motions.

I.    Background

     On May 16, 2011, *pro se* plaintiff Michael Ben Graves ("Plaintiff") initiated this action against Defendants International Brotherhood of Teamsters ("IBT") Local 572 ("Union"), Atlantic Express, Inc. ("Atlantic Express"), and their agents Rick Middleton, Traci Smith, and Lourdes Garcia (collectively, "Defendants") asserting state-law claims for breach of contract and conversion. Plaintiff was formerly employed as a bus driver by Atlantic Express, *Compl.*, Ex. 3-1. At all relevant times, Plaintiff was a member of the Union and his position was covered by a collective bargaining agreement ("CBA") between the Union and Atlantic Express. *See Michael Ben Graves v. Atlantic Express, et al.*, CV 07-6002, Dkt. # 101 (Mar. 20, 2008). Plaintiff alleges that on March 8, 2007, Plaintiff and the Union settled a grievance with Atlantic Express whereby

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#10,14,21,32,37,45,47
09/12 & 09/26 hrg vacated

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-5173 PSG (FMOx) | Date | August 17, 2011 |
|---|---|---|---|
| Title | Michael Ben Graves v. IBT Local 572, *et al.* | | |

the Union agreed to withdraw grievances filed by Plaintiff in exchange for payment of $10,000.00 by Atlantic to Plaintiff ("Settlement Agreement"). *Compl.*, Ex. 5.[1]

Plaintiff alleges that the Settlement Agreement was breached on May 24, 2007, by Defendants' purported failure to pay him $10,000.00. *Compl.* at 1. Although Plaintiff appends to the Complaint a copy of a check issued by Atlantic Express to Plaintiff in April 2007, *Compl.*, Ex. 4, he nonetheless asserts that he never received the money.[2] *Id.* Rather, according to the Complaint, on April 13, 2011 and May 9, 2011, Plaintiff demanded payment of this sum, but Defendants allegedly refused to pay him. *Id.* at 2.

On June 21, 2011, Defendants removed this case to federal court. *See* Dkt. # 1 (June 21, 2011). The Union Defendants and Atlantic Express both subsequently moved to dismiss Plaintiff's Complaint for failure to state claims. *See* Dkt. #10 (June 24, 2011); Dkt. # 14 (June 26, 2011). Plaintiff, in response, submitted a number of filings objecting to Defendants' removal.[3]

II.     Plaintiff's Motions to Remand to State Court

---

[1] The Copy of the Agreement appended to the Complaint bears the signatures of representatives for Atlantic Express and the Union; the line indicating that Plaintiff "agreed and accepted" the agreement, notably, is left blank. *Compl.*, Ex. 5.

[2] The Complaint also attaches a letter written to Plaintiff by Defendant Lourdes Garcia, General Counsel for IBT Local 572, on April 21, 2011, indicating that Plaintiff "repeatedly rejected the $10,000.00 check" that was issued in April 2007. *Compl.*, Ex. 2.

[3] Specifically, Plaintiff filed the following: (1) Plaintiff's opposition to Defendants' motion to dismiss, which appears to be based on the Court's purported lack of jurisdiction, *see* Dkt. # 27 (July 5, 2011); *see also* Dkt. # 28 (July 7, 2011) ("Plaintiff's affidavit evidence in support of opposition to defendants' motions to dismiss"); (2) Plaintiff's motion to remand, *see* Dkt. # 32 (July 13, 2011); (3) Plaintiff's "Request to Void the 6-29-11 minute order & related orders due to Lack of Jurisdiction over removed case", *see* Dkt. # 35 (July 18, 2011); and (4) Plaintiff's latest motion to remand to state court on grounds that the Defendants' pleadings were untimely filed, *see* Dkt. # 45 (Aug. 2, 2011). Part II of this Order encompasses all these motions.

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#10,14,21,32,37,45,47
09/12 & 09/26 hrg vacated

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-5173 PSG (FMOx) | Date | August 17, 2011 |
|---|---|---|---|
| Title | Michael Ben Graves v. IBT Local 572, *et al.* | | |

The Court will first address the filings submitted by Plaintiff in an effort to remand this matter to state court.[4]

　　A.　Legal Standard

Federal courts are courts of limited jurisdiction. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377, 114 S. Ct. 1673, 128 L. Ed. 2d 391 (1994). Under 28 U.S.C. § 1441, a defendant may remove a civil action from state court to federal district court only if the federal court has subject matter jurisdiction over the case. *See Abrego Abrego v. Dow Chem. Co.*, 443 F.3d 676, 679-80 (9th Cir. 2006). If at any time before final judgment it appears a removing court lacks subject matter jurisdiction, the case shall be remanded to state court. 28 U.S.C. § 1447(c). There is a strong presumption against removal jurisdiction, and the party seeking removal always has the burden of establishing that removal is proper. *See Gaus v. Miles, Inc.,* 980 F.2d 564, 566 (9th Cir. 1992); *Mattel, Inc. v. Bryant,* 441 F. Supp.2d 1081, 1089 (C.D. Cal. 2005). Federal subject matter jurisdiction is satisfied through removal if the case could have originally been filed in federal court, that is, if a federal question exists or there is both diversity of citizenship and a sufficient amount in controversy. *City of Chicago v. Int'l College of Surgeons*, 522 U.S. 156, 118 S. Ct. 523, 139 L. Ed. 2d 525 (1997).

"The presence or absence of federal-question jurisdiction that will support removal is governed by the 'well-pleaded complaint rule,' under which federal jurisdiction exists only when a federal question is presented on the face of the properly pleaded complaint." *Caterpillar Inc. v. Williams,* 482 U.S. 386, 392, 107 S.Ct. 2425, 96 L. Ed. 2d 318 (1987). As the Supreme Court has explained:

> [o]rdinarily, a case may not be removed on the basis of a federal defense, including the defense of preemption, even if the defense is anticipated in the complaint, and even if both parties concede that the federal defense is the only question truly at issue. However, under the "complete pre-emption doctrine," which is a corollary to the well-pleaded complaint

---
[4] To this end, Plaintiff's "Request for Continuance of all defendant motions until after establishment of federal jurisdiction during the 8-8-11 'Motion to Remand' hearing," Dkt. # 30 (July 13, 2011), is effectively GRANTED.

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#10,14,21,32,37,45,47
09/12 & 09/26 hrg vacated

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-5173 PSG (FMOx) | Date | August 17, 2011 |
|---|---|---|---|
| Title | Michael Ben Graves v. IBT Local 572, *et al.* | | |

> rule, once an area of state law has been completely pre-
> empted, any claim purportedly based on that preempted state
> law is considered, from its inception, a federal claim, and
> therefore arises under federal law.

*Id.* at 393; *see also Rains v. Criterion Sys., Inc.,* 80 F.3d 339, 344 (9th Cir. 1996).

Under the complete preemption doctrine, the force of certain federal statutes is considered to be so "extraordinary" that it "converts an ordinary state common law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule." *Avalos v. Foster Poultry Farms, Inc.*, Case No. CV 11-00611 LJO, ---F. Supp. 2d ---, 2011 WL 2621422, at *2 (E.D. Cal. 2011) (quoting *Metro. Life Ins. Co. v. Taylor,* 481 U.S. 58, 65, 107 S.Ct. 1542, 95 L.Ed.2d 55 (1987)); *cf. Webb v. Directors Guild of America, Inc.*, No. CV 05-08257 MMM, 2007 WL 5022165, at *3 (C.D. Cal. Apr. 12, 2007) (noting that the complete preemption doctrine is "narrowly construed"). The Labor Management Relations Act ("LMRA") is among the few statutes identified by the Supreme Court as having complete preemptive force. *Id.*; *see also Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 23, 103 S.Ct. 2841, 2854, 77 L.Ed.2d 420 (1983) ("The preemptive force of § 301 is so powerful as to displace entirely any state cause of action 'for violation of contracts between an employer and a labor organization.' Any such suit is purely a creature of federal law, notwithstanding the fact that state law would provide a cause of action in the absence of § 301").

 B. <u>Discussion</u>

In Plaintiff's first set of remand-related filings, he argues that federal jurisdiction is improper because there is no diversity of citizenship and the amount in controversy does not exceed $75,000.00. *See* Dkt. # 27 (July 5, 2011); *see also* Dkt. # 28 (July 7, 2011).[5] This

---

[5] Plaintiff argues in his second remand motion that the Court cannot decide the merits of this case – *i.e*., rule on Defendants' pending motions to dismiss – before establishing whether jurisdiction is proper. As previously noted, this Order takes up the jurisdictional inquiry presented by Plaintiff's remand motions before resolving the questions presented by Defendants. Accordingly, while it is inaccurate to say that Plaintiff's second remand motion is granted *per se*, his request regarding the order in which the Court would hear the pending motions has been considered and accepted.

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#10,14,21,32,37,45,47
09/12 & 09/26 hrg vacated

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-5173 PSG (FMOx) | Date | August 17, 2011 |
|---|---|---|---|
| Title | Michael Ben Graves v. IBT Local 572, *et al.* | | |

argument, however, misunderstands the grounds upon which this case was removed. As stated in Defendants' Notice of Removal, Defendants invoke the Court's original federal question jurisdiction on grounds that Plaintiff's state law claims are preempted by Section 301 of the LMRA. *See Notice of Removal* ¶ 4 [Dkt. # 1 (June 21, 2011)]. Accordingly, whether the Court has jurisdiction over this matter turns on this question of preemption.

      Section 301 of the LMRA provides that "[s]uits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce" fall within the exclusive jurisdiction of the federal courts.[6] 29 U.S.C. § 185(a); *see also Young v. Anthony's Fish Grottos. Inc*., 830 F.2d 993, 997 (9th Cir. 1987). The Supreme Court has held that, "when resolution of a state-law claim is substantially dependent upon analysis of the terms of an agreement made between the parties in a labor contract, the plaintiff's claim is pre-empted by § 301." *Int'l Bhd. of Elec. Workers v. Hechler,* 481 U.S. 851, 853, 107 S.Ct. 2161, 95 L. Ed. 2d 791 (1987) (internal citations omitted)); *see also Aquilera v. Pirelli Armstrong Tire Corp.*, 223 F.3d 1010, 1014 (9th Cir. 2000) ("[Section] 301 of the LMRA preempts state law claims that are based on rights directly created by a collective bargaining agreement, and also preempts claims that are substantially dependent on an interpretation of a collective bargaining agreement."). Notably, Section 301 has been broadly construed to include not only collective bargaining agreements, but also other "agreement[s] between employers and labor organizations significant to the maintenance of labor peace between them." *Inlandboatmen's Union of Pacific v. Dutra Group*, 279 F.3d 1075, 1078 n.3 (9th Cir. 2002) (quoting *Retail Clerks Int'l. Ass'n, Local Unions Nos. 128 & 633 v. Lion Dry Goods, Inc*., 369 U.S. 17, 28, 82 S.Ct. 541, 7 L.Ed. 2d 503 (1962)); *see also Webb*, 2007 WL 5022165 at *4 ("It does not follow, however, that a contract must be a collective bargaining agreement to fall within the purview of § 301.").

---

[6] In full, the statute provides:

> Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this chapter, or between any such labor organizations, may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties.

29 U.S.C. § 185(a).

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#10,14,21,32,37,45,47
09/12 & 09/26 hrg vacated

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-5173 PSG (FMOx) | Date | August 17, 2011 |
|---|---|---|---|
| Title | Michael Ben Graves v. IBT Local 572, *et al.* | | |

     In this case, Plaintiff's claims for breach of contract and conversion arise from allegations that Defendants breached a settlement agreement between the Union and his former employer, Atlantic Express. The Settlement Agreement, which was adopted to resolve Plaintiff's grievance, plainly promotes peaceful relations between Plaintiff's employer and the Union. Thus, applying the standard set forth above, the Court finds that the Settlement Agreement is a "contract" within the purview of Section 301. *See, e.g., Retail Clerks,* 369 U.S. at 28 (holding that a strike settlement agreement was a "contract" for § 301 purposes); *General Teamsters, Auto Truck Drivers and Helpers Local 162 v. Mitchell Bros. Truck Lines,* 682 F.2d 763, 765-66 (9th Cir. 1982) (same); *Webb*, WL 5022165, at *4-5 (foreign levy agreement was a "contract" within § 301 because it "undoubtedly promotes peaceful relations between the Companies and the [union parties]"); *see also Road Sprinkler Fitters Local Union No. 669 v. Independent Sprinkler Corp.,* 10 F.3d 1563, 1565 n.2 (11th Cir. 1994) ("There is § 301 jurisdiction because the case concerns a contract-a settlement agreement between an employer and a union").

     Thus, because the Settlement Agreement is a contract within the meaning of Section 301, and because Plaintiff's state-law claims for breach of contract and conversion substantially depend on its terms, the Court holds that Plaintiff's state-law claims are preempted by the LMRA. It therefore follows that, because Plaintiff's claims fall within the ambit of the LMRA, the Court has jurisdiction to hear this case. 28 U.S.C. § 185(a).

III.    <u>Defendants' Motions to Dismiss for Failure to State a Claim</u>

     The Union Defendants and Atlantic Express have also moved to dismiss Plaintiff's Complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure, which provides that a defendant may move to dismiss a cause of action if the plaintiff fails to state a claim upon which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6). The Court agrees with Defendants that dismissal is appropriate, for multiple reasons. First, as explained above, Plaintiff's claims are preempted by the LMRA and therefore subject to dismissal. *See Townsell v. Ralphs Grocery Co.*, Case No. 09 CV 0793 JM, 2009 U.S. Dist. LEXIS 46601, at *13 (S.D. Cal. June 3, 2009) (dismissing the plaintiff's state law claims against the union defendant upon finding LMRA preemption).

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#10,14,21,32,37,45,47**
**09/12 & 09/26 hrg vacated**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-5173 PSG (FMOx) | Date | August 17, 2011 |
|---|---|---|---|
| Title | Michael Ben Graves v. IBT Local 572, *et al.* | | |

Second, even if Plaintiff's claims were not preempted, the Complaint would still fail to state claims upon which relief could be granted. In California, "[a] cause of action for breach of contract requires proof of the following elements: (1) existence of the contract; (2) plaintiff's performance or excuse for nonperformance; (3) defendant's breach; and (4) damages to plaintiff as a result of the breach." *CDF Firefighters v. Maldonado*, 158 Cal. App. 4th 1226, 70 Cal. Rptr. 3d 667, 679 (2008). Here, Defendants argue that Plaintiff's claim for breach of the Settlement Agreement is not cognizable because, *inter alia*, (1) Plaintiff did not sign the Settlement Agreement, *see Compl.*, Ex. 5, and (2) Plaintiff concedes that Atlantic Express provided the Union with the funds in April 2007, pursuant to the Settlement Agreement. *Compl.*, Exs. 4, 6.; *Def. Atlantic Express Mot.* 11:7-22 [Dkt. # 14 (June 26, 2011)]. The Court agrees that, in light of these exhibits, Plaintiff has failed to plead the elements required to support a breach of contract cause of action.[7] Plaintiff's breach of contract claim is thus dismissed *with* prejudice.

Plaintiff's cause of action for conversion is also fatally flawed. "The elements of a conversion are the plaintiff's ownership or right to possession of the property at the time of the conversion, the defendant's conversion by a wrongful act or disposition of property rights, and damages." *Susilo v. Wells Fargo Bank, N.A.*, No. CV 11–1814 CAS, 2011 WL 2471167, at *11 (C.D. Cal., June 21, 2011) (*Oakdale Vill. Group v. Fong*, 43 Cal. App. 4th 539, 543–44, 50 Cal. Rptr. 2d 810 (1996)). Under California law, the statute of limitations on a conversion claim is three years. Cal. Civ. Proc. Code § 338. Here, Plaintiff alleges that Defendants "consummated and finally settled the 'Settlement Agreement' contract" on or about May 24, 2007. *Compl.* ¶ IX. Plaintiff did not initiate this action until May 16, 2011. Thus, because Plaintiff's conversion claim is time-barred, it is accordingly dismissed. Plaintiff has leave to amend this claim as a violation of the LMRA, to the extent Plaintiff can truthfully allege facts that would justify tolling the six-month statute of limitations applicable to § 301 claims. *Fox v. Bakery, Confectionery, Tobacco Workers and Grain Millers Intern. Union, Local No. 24*, AFL-CIO, 2011 WL 1542300, at *1 (9th Cir. 2011) (citing *Moore v. Local Union 569 of Int'l Bhd. of Elec. Workers*, 989 F.2d 1534, 1541 (9th Cir. 1993)).

---

[7] Defendants also raise a statute of limitations defense to Plaintiff's breach of contract claim. However, because this claim is preempted by the LMRA, and Plaintiff fails to allege facts sufficient to support the elements of this claim, the Court need not reach this additional basis for dismissal.

O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

#10,14,21,32,37,45,47
09/12 & 09/26 hrg vacated

## CIVIL MINUTES - GENERAL

| Case No. | CV 11-5173 PSG (FMOx) | Date | August 17, 2011 |
|---|---|---|---|
| Title | Michael Ben Graves v. IBT Local 572, *et al.* | | |

IV. <u>Conclusion</u>

      Thus, based on the foregoing, the Court DENIES Plaintiff's motions for remand, and GRANTS Defendants' motions to dismiss. As noted above, Plaintiff has leave to file an amended pleading in accordance with this Order with respect to his cause of action for conversion. Plaintiff has until **September 7, 2011** to do so. Failure to file an amended pleading will result in dismissal of his claim with prejudice.

      Further, while the Court declines at this time to declare Plaintiff a "vexatious litigant" and require him to post a $50,000 bond, per Atlantic Express's request, the Court nonetheless wishes to inform Plaintiff that his practice of filing multiple successive motions seeking the same relief is both unnecessary and inappropriate. Plaintiff is hereby on notice that if such practices continue, or if Plaintiff files any other motions unsupported by fact or law, the Court will issue sanctions, including monetary sanctions, striking the pleadings, or dismissing the case in its entirety.

      **IT IS SO ORDERED.**